Masoud Jahani Esq.
State Bar of California number: 315638
Email: jahanilaw@gmail.com
Tel: 310-972-9446
111W, Ocean Blvd. Suite 400, Long Beach, California, 90802

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MASOUD JAHANI ESQ, AN INDIVIDUAL

**Plaintiff,**

V.

ANTONY J. BLINKEN, SECRETARY OF STATE

OFFICD OF THE LEGAL ADVISOR

600 19TH STREET NW

SUITE 5600

WASHINGTON DC 20036


ALEJANDRO MAYORKAS, SECRETARY, U.S.

DEPARTMENT OF HOMELAND SECURITY

OFFICE OF THE EXECUTIVE SECRETARY

MS 0525 DEPARTMENT OF HOMELAND

SECURITY, 2707 MARTIN LUTHER KING JR

AVE SE, WASHINGTON, DC 20528-0525


UR M. JADDOU, DIRECTOR,

U.S CITIZENSHIP AND IMMIGRATION

SERVICES. 20 MASSACHUSETTS AVENUE,

N.W. WASHINGTON, DC 20529


SUSAN R. CRYSTAL, US CONSUL GENERAL

360 UNIVERSITY AVENUE

TORONTO, ONTARIO M5G 1S4

**Defendants**

Case: 1:23−cv−03939
Assigned To : Mehta, Amit P.
Assign. Date : 12/27/2023
Description: Pro Se Gen. Civ. (F−DECK)

Case No.:


**VERIFIED COMPLAINT FOR**

**MANDAMUS AND EQUITABLE**

**RELIEF**


RECEIVED

DEC  27  2023

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

VERIFIED COMPLAINT FOR MANDAMUS AND EQUITABLE RELIEF

To the Honorable Judges of said Court:

COME NOW, Plaintiff, Masoud Jahani "pro se", and complains of the Defendants as follows:

Antony J. Blinken, in his official capacity as Secretary of State

Alejandro Mayorkas, in his official capacity as Secretary, U.S. Department of Homeland Security

Ur M. Jaddou, in his official capacity as Director U.S Citizenship and Immigration Services.

Susan R. Crystal, in her official capacity as US Consul General Toronto, Ontario, as follows:

## I.    INTRODUCTION

1. This is a civil action seeking mandamus and equitable relief based upon the failure of the United States Department of Homeland Security ("DHS") and U.S. Citizenship and Immigration Services ("USCIS") to complete required Administrative review (background security checks). which has unreasonably delayed any adjudication of the Form DS 160 for a non-immigrant E-2 Treaty investor visa pursuant INA § 101(a)(15)(E)(ii),8 U.S.C S1101(a)15E(ii); 22C.F.R § 41.51.Filed on December 01, 2022 and plaintiff was interviewed on February 21, 2023.

2. Plaintiff seek to compel Defendants Antony J. Blinken, in his official capacity as secretary of state, Alejandro Mayorkas, in his official capacity as Secretary, U.S. Department of Homeland Security, Ur M. Jaddou, in his official capacity as Director U.S Citizenship and Immigration Services. And Susan R. Crystal, in her official capacity as US Consul General Toronto, Ontario, and those acting under their direction, to complete Plaintiff's Administrative Review (background security clearances), which are required before the USCIS can adjudicate Plaintiff's DS 160, under INA § 101(a)(15)(E)(ii),8 U.S.C S1101(a)15E(ii); 22C.F.R § 41.51.Pursuant to the Mandamus and Venue Act ( 28 U.S.C. § 1361) ("Mandamus Act"), 8 U.S.C. § 1101 (INA), 8 U.S.C. § 1571 ("The Immigration Services and Infrastructure Improvements Act of 2000"), and the Administrative Procedures Act ( 5 U.S.C. § 551 and § 701, et seq.) ("APA").

3. Attorney's fees and costs are entitled to Plaintiffs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 and 28 U.S.C. § 2412(d), et seq.

VERIFIED COMPLAINT FOR MANDAMUS AND EQUITABLE RELIEF

## II.    PARTIES

4.  The Plaintiff resides in Canada, and he is a Citizen of Canada.

5.  The Defendants:

    1.  The Defendant ANTONY J. BLINKEN, Secretary of State, U.S Department of state (DOS) is sued in his official capacity as Secretary of State.

    2.  Alejandro Mayorkas, Secretary, U.S. department of homeland security

    3.  The Defendant UR M. JADDOU, is sued in her official capacity as Director of U.S Citizenship and Immigration Services.

    4.  The Defendant SUSAN R. CRYSTAL is sued in her official capacity as U.S Consul General, Toronto, Ontario, Canada.

6.  Defendants are charged by law with the statutory and regulatory obligations to perform Administrative review and determine eligibility for a Non-Immigrant, E-2 Treaty investor Visa. pursuant to INA § 101(a)(15)(E)(ii),8 U.S.C S1101(a)15E(ii); 22C.F.R § 41.51 as a treaty investor.

7.  US Department of State is responsible for handling U.S foreign policy and international relations, including issuing visas at U.S embassies and consulates abroad and overseeing Immigration related services and benefits.

8.  USCIS Toronto Canada Visa application center received the Plaintiff's application on December 01, 2022.

## III.    JURISDICTION

9.  This Honorable Court has subject matter jurisdiction over this Complaint under the Constitution and laws of the United States, including the Fifth Amendment to the U.S Constitution,  provisions of Title 8 U.S.C. § 1101, et seq. (INA), 8 U.S.C. § 1571 ("The Immigration Services and Infrastructure Improvements Act of 2000"), 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1361 (Mandamus Act), 28 U.S.C. § 1651 (All

VERIFIED COMPLAINT FOR MANDAMUS AND EQUITABLE RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Writs Act) as well as under 5 U.S.C. § 555 and 701, et seq. (APA). Relief is requested pursuant to the U.S. Constitution and these statutes.

10. When Congress enacted The Immigration Services and Infrastructure Improvements Act of 2000, it set the period of one-hundred-and-eighty (180) days as the normative expectation for the government to complete the processing of an immigrant benefit application. This 180 day period, which begins upon the initial filing of the petition, is considered a reasonable processing time. See, 8 U.S.C. § 1571 and Konchitsky v. Chertoff, 2007 U.S. Dist. LEXIS 53998 at 11-15 (N.D. Cal. July 13, 2007)

11. Plaintiff filed an application for a non-immigrant E-2 Treaty investor visa on December 01, 2022, per INA § 101(a)(15)(E)(ii),8 U.S.C S1101(a)15E(ii); 22C.F.R § 41.51. He was interviewed on February 21, 2023. And was issued a section 221g of the Immigration and Nationality Act (INA), subjecting the plaintiff's file to administrative review.

12. Plaintiff's Applications have been pending over about 10 month which is much longer is considered reasonable under 8 U.S.C. § 1571.

13. This action is filed in response to unreasonable agency delay and failure to complete Plaintiff's Administrative review, which has unreasonably prevented the adjudication of Plaintiff's DS-160, in violation of the APA. Plaintiffs merely seek to compel DHS and USCIS action on unreasonably delayed internal background checks.

14. There are no administrative remedies available to Plaintiffs to redress their grievances described herein. As described more fully below, Plaintiffs, has contacted the USCIS in Toronto numerous times regarding the delay in adjudicating this DS-160 petition for an investor nonimmigrant visa which also falls under the Treaties of the United States with Canada amongst other nations.

15. Plaintiffs' instant action challenges only the reasonableness of Defendants' delay or inaction in the completion of Plaintiff's Administrative review, not the grant or denial of the DS-160 petition therefore, the jurisdictional limitations of 8 U.S.C. § 1252 do not apply.

VERIFIED COMPLAINT FOR MANDAMUS AND EQUITABLE RELIEF

16. This Court, in an opinion by U.S. District Judge Emmet G. Sullivan, has specifically held that it has subject matter jurisdiction to hear a similar cause of action under the APA filed by a plaintiff whose I-485 adjustment application had been pending since July 23, 2003. See Liu v. Novak, 509 F.Supp. 2d 1, 13 (D.D.C. Aug. 30, 2007)

17. As noted in Judge Sullivan's opinion, there is significant district court authority holding that subject matter jurisdiction is appropriate for judicial review of an agency's failure to take action or to review the pace of immigrant application processing. Id., at 11-12.See alsoTang v. Chertoff, 2007 U.S. Dist. LEXIS 64022 at *14-19 (E.D. Ky. Aug, 29, 2007) (granting a preliminary injunction and writ of mandamus after finding that USCIS had a non-discretionary duty to process plaintiff's I-485 applications); Xu v. Chertoff, 2007 U.S. Dist. LEXIS 55215 at *2 (E.D. Mich. July 31, 2007) [*10] (duty to process I-485 applications within a reasonable time is a non-discretionary duty imposed by the APA and reviewable through the mandamus statute); Yan Yang v. Gonzales, 2007 U.S. Dist. LEXIS 42143 at *6 (S.D. Oh. June 11, 2007) (a complaint invoking the court's mandamus jurisdiction to compel resolution of I-485 application was appropriate); Song v. Klapakas, 2007 U.S. Dist. LEXIS 27203 at *10 (E.D. Pa. April 12, 2007) (mandamus jurisdiction is appropriate because defendants owe plaintiffs a non-discretionary duty to act on their Administrative review and decision on DS-160 in a reasonable time); Saleem v. Keisler, 2007 U.S. Dist. LEXIS 80044 at *37 (W.D. Wisc. Oct. 26, 2007) (USCIS ordered to adjudicate adjustment application within 60 days); Jin v. Heinauer, 2007 U.S. Dist. LEXIS 89214 at *12-13 (S.D. Ohio Dec. 4, 2007) (USCIS ordered to adjudicate adjustment application within 90 days); Gershenzon v. Gonzales, 2007 U.S. Dist. LEXIS 68600 (W.D. Pa. Sept. 17, 2007) (motion to dismiss denied where USCIS had not adjudicated an adjustment application for more than three years due to an incomplete FBI NNCP screening); Liu v. Chertoff, 2007 U.S. Dist. LEXIS 50173 (E.D. Cal. July 11, 2007) (two-and-a-half year delay); Okunev v. Chertoff, 2007 U.S. Dist. LEXIS 53161 (N.D. Cal. July 11, 2007) (more than a three year delay); Quan v. Chertoff, 2007 U.S. Dist. LEXIS 44081 (N.D. Cal. June 7, 2007) (unreasonable delay); Singh v. Still, 470 F.Supp. 2d 1064, 1072 (N.D. Cal. 2007) (nearly a four year delay); Aboushaban v. Mueller, 2006 U.S. Dist. LEXIS 81076 (N.D. Cal. 2006) (an approximate eight year delay); Salehian v. Novak, 2006 U.S. Dist. LEXIS 77028 (D. Conn. 2006) (two year delay); Duan v. Zamberry, 2007 U.S. Dist. LEXIS 12697 (W.D. Pa. Feb. 23, 2007) (more than a one year delay); and Jones v. Gonzales, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) (delays of two and three years); Cao v. Upchurch, 496 F. Supp.

VERIFIED COMPLAINT FOR MANDAMUS AND EQUITABLE RELIEF

2d 569 (E.D. Pa. 2007) (summary judgment was appropriate as a four year delay was presumptively unreasonable and defendants made no attempt to rebut proof of an unreasonable delay); Dong v. Chertoff, 513 F. Supp. 2d 1158 (N.D. 2007) [*12] (jurisdiction appropriate to determine whether action on an adjustment application had been unlawfully withheld); Lopez v. Secretary, DHS, 2007 U.S. Dist. LEXIS 68447 (M.D. Fla. Sept. 17, 2007) (evidentiary hearing granted regarding the reasonableness of a FBI delay in completing a name check) and Sawad v. Frazier, 2007 U.S. Dist. LEXIS 75366 (D.Minn. Oct. 9, 2007) (motion to dismiss denied and defendants ordered to provide evidence specific to two adjustment applications and the related delayed background checks within sixty days).

### IV.    VENUE

18. Venue is proper under 28 U.S.C. § 1391(e), because this is an action against officers and agencies of the United States in their official capacities. *Roh v. U.S. Citizenship & Immigration Servs. 2021 U.S. Dist. LEXIS 210598 U.S. Dist. D.C. | 2021-11-01,* Venue for suits against federal agencies or federal officials in their official capacity, such as this one, is governed by 28 U.S.C. § 1391(e)(1). That provision provides that a civil action involving no real property may be brought in any judicial district in which (1) a defendant resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or (3) a plaintiff resides. See 28 U.S.C. § 1391(e)(1); Garcia, 393 F. Supp. 3d at 108-09.

   a. The Defendant ANTONY J. BLINKEN, Secretary of State, U.S Department of state (DOS) is sued in his official capacity as Secretary of State.

   b. Alejandro Mayorkas, Secretary, U.S. department of homeland security

   c. The Defendant UR M. JADDOU, is sued in her official capacity as Director of U.S Citizenship and Immigration Services.

   d. The Defendant SUSAN R. CRYSTAL is sued in her official capacity as U.S Consul General, Toronto, Ontario, Canada.

### V.    STATEMENT OF FACTS

**A. Eligibility for Non-Immigrant E-2 Investor Visa**

VERIFIED COMPLAINT FOR MANDAMUS AND EQUITABLE RELIEF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19. The plaintiff meets the non-immigrant E-2 Treaty investor visa on December 01, 2022, per INA § 101(a)(15)(E)(ii),8 U.S.C S1101(a)15E(ii); 22C.F.R § 41.51.

20. Plaintiff filed an application for E-2 investor visa on December 01,2023, and was interviewed on February 21, 2023, *exhibit 1*. The only questions he was asked in assessment of his eligibility other than submitted documents was how much he had spent so far on his law firm (Jahani Law) and whether had completed his compulsory National service in Iran to which he replied about $70,000.00 so far and he was exempted from the military service due to his services being twice the amount of study period in merchant navy as was the existing rules in Iran.

21. Plaintiff's merchant navy sponsorship was by the previous Government and during the Shah of Iran and continued his education and merchant navy nonmilitary services post Iran's revolution of 1978.

22. Plaintiff was asked to submit evidence of his exemption from military services which he did the same day *exhibit 2*. and contrary to the statement of the adjudicating officer that he will approve the plaintiff's visa once his military service exemption was received, plaintiff's file was subjected to administrative review as of February 22, 2023, *exhibit 3,* with no decision so far.

23. The Plaintiff was born in in Iran and immigrated to Canada as skilled worker in 2002, he has been working for Government of Canada in an indeterminate position as a Senior marine Inspector since 2004, he became a Canadian Citizen in 2005. He currently works in a managerial position with the Marine Safety and Security Transport Canada a Canadian Federal Government entity. He is a law-abiding individual, regularly undertaken security clearances as part of his job requirements, has always paid his taxes, and has never been arrested, charged. or convicted of any crime.

24. The plaintiff passed the State Bar of California Bar examination in February 2017 and was sworn in as an attorney on June 2017 and registered a law firm (Jahani law P.C) under the laws of State of California.

**B. Exhaustion of Administrative Remedies**

VERIFIED COMPLAINT FOR MANDAMUS AND EQUITABLE RELIEF

1
2
3
4
5
6

25. The plaintiff has followed up with the US visa application center in Toronto on April 24, 2023, *exhibit 4*, and July 21, 2023, and the response has been. Your nonimmigrant visa application was refused under Section 221g of the Immigration and Nationality Act (INA), as amended, for a legally mandated administrative process. Our consulate has no control over the pace or scope of that process, and we are unable to determine when this process may be concluded. Please be aware that this process may take several weeks/months.

7
8
9
10

26. On October 30, 2023, Plaintiff sent a letter to Defendant ANTONY J. BLINKEN, SECRETARY OF STATE declaring the Plaintiff's intent to file a complaint for writ of mandamus absent a response within 30 days. To date, plaintiff has received no response from DOS. Plaintiff's application for his non-immigrant E-2 Treaty investor visa remains pending.

11
12
13
14
15
16

27. Plaintiff is eager to obtain an E-2 US Investor Visa to enable him to operate his law firm and the lengthy delay by the Defendants in adjudicating his application is of great concern to him. And his ability to pursue opportunities for professional advancement – including practicing law for which he has spent years going through examinations and registering as an attorney with the State Bar of California. Defendants' failure to adjudicate his application within a reasonable period has negatively impacted the plaintiff. His uncertain status has interfered with his ability to gain the professional and personal stability he deserves and for which he has worked so hard.

17
18
19
20

28. The Defendant DOS and USCIS has unreasonably failed to issue a final decision on Plaintiff's Application for E-2 US Investment visa. As close to 10 months have elapsed since the Plaintiff has been interviewed in Toronto Ontario Canada, he requests that this Court instruct USCIS to release the case from hold and adjudicate the DS-160 application without further delay.

21
22
23

## VI.    PLAINTIFF'S MANDAMUS ACTION

24
25
26

29. In order to obtain relief under the Mandamus Act, Plaintiffs must establish that (1) their claims are "clear and certain;" (2) the duties owed are "ministerial and so plainly prescribed as to be free from doubt;" and (3) that no other adequate remedy is available. See, Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997)

27
28

VERIFIED COMPLAINT FOR MANDAMUS AND EQUITABLE RELIEF

30. 31. Plaintiffs have demonstrated that their claims for relief from Defendants DHS and USCIS inaction are clear and certain in that there is no legal authority for Defendants to justify their inaction or to refuse to complete these internal background security checks.

31. Defendants DHS and USCIS' duty to complete Plaintiff's internal security checks is purely ministerial in nature and so plainly prescribed that the Agency's duty is free from doubt.

32. Plaintiffs' exhaustion of remedies, as described above, show that there are no other adequate remedies available to them.

## VII.    INJURIES TO PLAINTIFFS

33. Plaintiff is adversely affected by the Defendant DHS and USCIS' inaction described above in that Plaintiff's abilities to work in the United States are restricted during the pendency of this DS 160 application periods. Until the DHS and USCIS background security checks are completed,

34. Plaintiffs has lost a significant amount of work time while pursuing the adjudication of this DS-160 including but not limited to, making inquiries to the USCIS, meeting with attorneys. researching the requirements to file this mandamus. Due to Defendants DHS and USCIS inaction described above, Plaintiff's future plans and goals to enhance the presence of their law firm is on halt.

35. Plaintiff is at the risk and accusations of whether they are working illegally in US which was manifest at least twice when he traveled to US and the rigorous questioning that ensured by the US customs and border control, whereas as a Canadian Citizen and passport holder the Nationals of US and Canada enjoy an automatic B1/B2 visa.

36. Although very highly qualified, the plaintiff also has been unable to advance his career and secure other employment opportunities due to the lack of lawful work permit status. Most notably, the plaintiff is deprived of being actively operating his law firm which he had established and started financing since 2017. His inability to advance his career has restricted him both financially and professionally.

VERIFIED COMPLAINT FOR MANDAMUS AND EQUITABLE RELIEF

37. The Defendants'' inaction in the Plaintiff''s case has caused inordinate and unfair amounts of stress, expense, and hassle for the Plaintiff, who is entitled to a decision on his application for a Treaty Investor visa without further unreasonable delay. *Jain v. Jaddou 2023 U.S. Dist. LEXIS 57671 Northern Dist. Cal. | 2023-03-31,* The APA provides that "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Where an agency has a "clear, certain, and mandatory duty" to take a discrete action, a court may compel the agency to act where it has "unreasonably delayed" in performing that duty. See 5 U.S.C. § 706(1); Vaz, 33 F.4th at 1136.

38. Liu v. Chertoff, 2007 U.S. Dist. LEXIS 50173, The APA provides relief for a failure to act insofar as it empowers a district court to compel an agency to perform a ministerial or non-discretionary act, or to act on a matter without directing it how to act, so long as the plaintiff has asserted a discrete agency action that it is required to take, if the agency unlawfully withheld or unreasonably delayed in acting on a duty. Norton, 542 U.S. at 63-65; see 5 U.S.C. § 555(b) (Under the APA, with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude the matters presented to it."). Should an agency not proceed as directed by 5 U.S.C. § 555(b), a court may hear a petition for a writ of mandamus compelling an agency to perform an "action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). In short, a plaintiff may invoke subject matter jurisdiction under the APA, if he or she shows that a defendant (1) had a nondiscretionary duty to act, and (2) unreasonably delayed in acting on that duty. Norton, 542 U.S. at 63--65.

## VIII.    CLAIMS

39. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v. Barnhart, 292 F.3d 781, 784 (D.C. Cir. 2002);* Citizens for Ethics and Responsibility in *Wash. v. Cheney, 593 F. Supp. 2d 194, 219 (D.D.C. 2009)*; see also *Liu, 509 F. Supp. 2d at 10 (*holding, in mandamus suit alleging unreasonable agency delay, that ""the statutory duty involved in such cases …does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice" (*quoting Sierra Club v. Thomas, 828 F.3d 783, 794 (D.C.*

VERIFIED COMPLAINT FOR MANDAMUS AND EQUITABLE RELIEF

1

2

*Cir. 1987)); Aslam, 531 F. Supp. 2d at 743* ("The Court concludes that CIS has a legal
obligation to adjudicate Aslam's petition within a reasonable period of time.").

3

4

40. The Plaintiff clearly meets all three of these criteria.  The Plaintiff has fully complied with all
the statutory and regulatory requirements for seeking Treaty Visa Investor status, including

5

submission of all necessary forms and supporting documents.

6

7

41. The Defendant USCIS has unreasonably failed to adjudicate the Plaintiff's application for over
10 months, thereby depriving the Plaintiff of his rights under INA § § 101 (a) (15)(E). Pursuant

8

to 5 U.S.C. §§ 555(b) and 702 (APA), "with due regard for the convenience and necessity of

9

the parties or their representatives and within a reasonable time, each agency shall proceed to

10

conclude a matter presented to it."

11

12

*42.* The Defendants owe the Plaintiff a duty to adjudicate his E-2 Treaty Investor application,
pursuant to the INA and its implementing regulations, and have unreasonably failed to perform

13

that duty. See, e.g., *Northern States Power Co. v. U.S. Dep't of Energy, 128 F.3d 754, 761*

14

*(D.C.* Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing

15

its own delay" in complying with a clear statutory obligation). The Plaintiff has no alternative

16

means to obtain adjudication of his DS-160 Treaty Visa application and his right to issuance

17

of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp., 485*

18

*U.S. 271, 289 (1988); see also Power, 292 F.3d at 784; Matter of Sealed Case, 151 F.3d at*
*1063* (holding that mandamus is an appropriate remedy whenever a party demonstrates a clear

19

right to have an action performed by a government official who refuses to act and that no other

20

adequate means. to attain the relief, exist); *Liberty Fund, Inc., 394 F. Supp. 2d at 114 (same).*

21

22

43. The Court's intervention is also appropriate because Defendants have failed to act within a
reasonable period. See, e.g., Sierra Club, 828 F.3d at 794 (holding that. "Regardless of what

23

course it chooses, the agency is under a duty not to delay unreasonably in making that choice");

24

Northern States Power, 128 F.3d at 760 ("Given DOE"s repeated attempts to excuse its delay

25

… we find it appropriate to issue a writ of mandamus …."); *Liu, 509 F. Supp. 2d at 9-10*

26

(holding that the APA requires the government to act within a reasonable period of time). The

27

Plaintiff has already waited more than 5 years for adjudication of his pending I-485 application.

28

VERIFIED COMPLAINT FOR MANDAMUS AND EQUITABLE RELIEF

1    well beyond the agency's own published processing timeframe for such applications. This is

2    an unacceptable and unreasonable delay.

3

4    44. The Plaintiff is entitled to action on his long-pending E-2 Treaty Investor application, because

5    an unreasonable amount of time has passed since his application was filed. Defendants have

6    failed to carry out the adjudicative and administrative functions delegated to them by law, to

7    the ongoing harm and prejudice of the Plaintiff. Defendants" delay is without justification and

8    has forced the Plaintiff to resort to this Court for relief.

9

10                              IX.     **RAYER**

11

12   45. WHEREFORE, the Plaintiff prays that this Court:

13   46. Compel the Defendants and those acting under them to take all appropriate action to adjudicate

14   the Plaintiff's DS-160 application for a Treaty Investor without further delay.

15   47. 2. Grant such other and further relief as this Court deems proper.

Respectfully submitted this 27th day of December 2023,

By Masoud Jahani

16

17                                                    _____

18                                                    Masoud Jahani Esq.
                                                      Pro Se:

19                                                    _____
                                                      .

20

21

22

23

24

25

26

27

28

                VERIFIED COMPLAINT FOR MANDAMUS AND EQUITABLE RELIEF